UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
JAN 28 AM 11: 54

Weiyu Xu
705 Hydra Ln.
Foster city, CA 94404
     Plaintiff,

v.

| | |
|---|---|
| Michael Chertoff )<br>U. S. Department of Homeland Security )<br>Office of the General Counsel )<br>U. S. Department of Homeland Security )<br>Washington, D.C. 20258 )<br>)<br>Emilio T. Gonzalez )<br>U. S. Citizenship and Immigration Services )<br>425 Eye St. NW )<br>Washington D.C. 20536 )<br>)<br>Gerald Heinauer, Director )<br>Nebraska Service Center )<br>U. S. Citizenship and Immigration Services )<br>850 S Street )<br>Lincoln, NE 68508 )<br>)<br>Alberto Gonzales, )<br>Attorney General )<br>U. S. Department of Justice )<br>950 Pennsylvania Ave, NW )<br>Washington, DC 20530-0001 )<br>)<br>Robert S. Mueller, III )<br>Director of Federal Bureau of Investigation )<br>J. Edgar Hoover Building )<br>935 Pennsylvania Avenue, NW )<br>Washington, D.C. 20535-0001 ) | Case No.: C 07-5593 MJJ<br><br>PLANITIFF'S REPLY<br>AND OPPOSITION TO<br>DEFENDENTS' RESPONSE TO<br>PLAINTIFF'S COMPLAINT |

      Defendants.

## Introduction

Plaintiff, **Weiyu Xu**, submits this reply to Defendants' response to plaintiff's complaint because this Court has subject matter jurisdiction in this matter. Plaintiff seeks a Writ of Mandamus to order Defendants to perform a duty they owe to them, namely to adjudicate their applications for adjustment of status ("Application"). Plaintiff seeks this Writ because Defendants have a non-discretionary duty to adjudicate Plaintiffs' Applications and Defendants have unreasonably delayed in processing the Applications. Defendants assert in their response that this court does not have jurisdiction. Defendants misunderstand the applicable law. Defendant's Motion to Dismiss is without merit, and therefore, should be denied.

In this Brief, Plaintiff will show that Defendants' arguments are invalid, and request this Court deny Defendants' request for dismissal in their Response should be denied.

## Facts and Background

Petitioner, Weiyu Xu, is native and citizen of the People's Republic of China. Petitioner Weiyu Xu originally entered the United States as a graduate student in August 2000 to attend the University of Illinois at Chicago. Weiyu graduated from the University of Illinois at Chicago with a Ph. D. degree in Chemical Engineering in 2006. On August 1, 2005, Weiyu Xu filed an application for Adjustment Of Status (AOS), Form I-485 to become a permanent resident of the United States with the California Service Center of USCIS. This application is still pending.

## Argument

**I. This Court has jurisdiction over the mandamus action.**

The Mandamus Act authorizes the court to compel administrative agencies to discharge a duty. The Mandamus Act provides:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. §1361.

A writ of mandamus is proper if "(1) [plaintiff's] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

Once Plaintiff filed his Applications, he has a clear right to have their application adjudicated within a reasonable period of time, pursuant to 8 U.S.C. 1255(b); INA § 245(b); 8 C.F.R. § 245.2(a)(5). In the follow arguments, Plaintiff will show that Defendants owe them a non-discretionary duty to adjudicate their applications within a reasonable time, and that the almost two years they have already been pending is not a reasonable time, and that Plaintiff has exhausted all administrative and legislative remedies.

**A. Defendants' Nondiscretionary Duty to Adjudication Applications.**

The defendants have a clear duty to adjudicate the plaintiff's applications for adjustment of status. Section 245.2(a) of the Code of Federal Regulations provides:

> (5) *Decision*—(i) *General*. The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial.

>   (ii) *Under section 245 of the Act.* If the application is approved, the applicant's permanent residence shall be recorded as of the date of the order approving the adjustment of status.

8 C.F.R. §245.2(a)(5)(i)(emphasis added). By using the term "shall", the regulation creates a non-discretionary duty to adjudicate Plaintiff' Applications. *See Yu v. Brown*, 36 F. Supp. 2d 922, 931-32 (D.N.M. 1999) (holding under similar regulatory language that the INS owed plaintiff a duty to process her application for a change of status to permanent resident); *Dabone v. Thornburgh*, 734 F. Supp. 195, 200 (E.D.Pa. 1990) (holding under similar regulatory language that the Board of Immigration Appeals owed plaintiff a duty to adjudicate his motion to reopen an exclusion proceeding) ; *see also American Academy of Religion v. Chertoff*, 2006 WL 1751254, *16 (S.D.N.Y. 2006) (holding that the regulation stating that consular officials either "issue or refuse" a completed visa creates a duty to adjudicate).

>   Moreover, Immigration and Nationality Act ("INA") provides that,
>
>   b) Investigation; consultation; approval; authorization to grant preference status
>
>   After an investigation of the facts in each case, and after consultation with the Secretary of Labor with respect to petitions to accord a status under section 1153 (b)(2) or 1153 (b)(3) of this title, the Attorney General <u>shall</u>, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151 (b) of this title, or is eligible for preference under subsection (a) or (b) of section 1153 of this title, approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular officer concerned to grant the preference status.

8 U.S.C. §1154(b) (emphasis added). Here, Congress clearly contemplates that an investigation will be conducted and a decision rendered.

The INA and the regulations issued pursuant to it impose on the executive branch a clear duty to either grant or deny plaintiff's application. The agency is not authorized to hold onto an application for an unreasonable period of time and make no decision.

The defendants argue that "requested relief is entrusted to the Attorney General's discretion". The defendants confused a discretionary duty to grant or deny the Application with the non-discretionary duty to make a decision on the Applications. Although the decision whether to grant or deny an application for adjustment of status is wholly discretionary, the defendants have a non-discretionary duty to make "diligent efforts" to adjudicate the plaintiff's applications. *Ngaya v. Ashcroft*, 186 F. Supp. 1244, 1253 (N.D. Ga. 2002).

Plaintiff is not asking the Court to dictate the outcome of the administrative proceedings. Instead, they are simply asking the Court to order Defendants to complete -- in an appropriate period -- the processing of their application. The Court is not being asked to dictate the substance of the decision -- just to force the defendants to decide.

Hence, the defendants' argument "requested relief is entrusted to the Attorney General's discretion" is not valid. Defendant has a non-discretionary duty to decide whether to grant or deny plaintiff' application.

**B. Defendants have a duty to adjudicate Plaintiff' Applications within a reasonable time.**

The defendants argue that "Defendants have no clear mandatory or ministerial obligation to adjudicate the applications within a particular time frame". Although, neither the statutes nor the regulations at issue here provide a specific timeliness requirement, it does *not* change the character of the duty itself. While the decision

whether to grant or deny an application obviously is discretionary, the duty to process the application is just as obviously ministerial. In 8 U.S.C. §1154(b), by using the phrase of legal art "shall", Congress expected Defendants to receive these applications and then to adjudicate them to a decision. It is clear that Congress had to have intended Defendants to complete these adjudications within a reasonable time -- because imposing no time constraint at all on Defendants would be tantamount to giving Defendants the power to decide whether it would decide. In other word, a 'duty to decide' becomes no duty at all if it is accompanied by unchecked power to decide when to decide.

 Furthermore, the Administrative Procedures Act (APA) provides:

> . . . With due regard for the convenience and necessity of the parties or their representatives, and <u>within a reasonable time</u>, each agency shall proceed to conclude a matter presented to it.

5 U.S.C. § 555 (b). (emphasis added). It also states:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall – (1) compel agency action <u>unlawfully withheld</u> or <u>unreasonably delayed</u>, . . .

5 U.S.C. § 706 (1). (emphasis added). Therefore, when the statute does not specify a particular time frame for a non-discretionary duty, the APA requires the executive agencies to act upon matters presented to it "within a reasonable time". Many courts have read the APA to impose such a time requirement. *See, Yu v. Brown*, 36 F. Supp. 2d at 928-931 (applying the APA's reasonable requirement to similar regulatory provisions); *Kim v. Ashcroft*, 340 F.Supp 2d 384, 391-92 (S.D.N.Y. 2004)(same); *e.g., Valenzuela v. Kehl*, 2006 WL 2474088 (N.D. Tex. August 28, 2006) (Stickney, M.J.) ("Many courts, including the United States District Court for the Northern District of Texas have held in

immigration cases that petitioners and applicants have a clear right to have their adjustment applications and visa petitions adjudicated within a reasonable time of their filing.") (citing *Alkenani v. Barrows*, 356 F.Supp.2d 652, 656 (N.D. Tex. 2005) (Kaplan, M.J.); *Fraga By and Through Fraga v.Smith*, 607 F. Supp. 517, 521 (D.C. Or.1985); *Paunescu v. I.N.S.*, 76 F. Supp.2d 896, 901 (N.D. Ill. 1999); *Agbemaple v. I.N.S*, No. 97-C-854, 1998 WL 292441 at *2 (N.D. Ill. May 18, 1998) (unpublished)).

Therefore, the Court has authority to compel adjudication of the outstanding applications.

### C. The delay is unreasonable, and this type of the delay may increase the risk of National Security instead of reducing it.

**The plaintiff, Weiyu Xu,** filed an application for Adjustment Of Status (AOS), Form I-485 to become a permanent resident of the United States with the California Service Center of USCIS on August 1, 2005. The processing time from USCIS is current when this case is filed on Nov. 2, 2007. After two years and six months, the FBI name check for this case is still pending.

The defendants offer no specific reason for this long delay. The only reason for the delay is the security check related to Weiyu Xu's name. However, the defendants provide the Court with no further information about why FBI has not completed Weiyu Xu's name check in past two years and six months. There is no detail status report on Weiyu Xu's long pending FBI name check case. Until now, the real reason of the pending and the delay still is a mystery to the Court and to Plaintiff.

In the instant case, there is no evidence that the delay is attributable to the actions of Plaintiff. Nor is there any evidence indicating that the facts underlying Plaintiff'

Applications are especially complex, which might justify a delay. Thus, Defendants, not Plaintiff, bear the full responsibility for the unreasonable delay.

The Plaintiff' applications for Adjustment of Status have been pending for over 30 months. Many courts have found this kind of long delay is unreasonable. *See Galvez v. Howerton*, 503 F. Supp.35, 39 (C.D. Cal. 1980) (holding that a six-month delay is unreasonable); *Paunescu v. INS*, 76 F. Supp. 2d 896, 901-902 (N.D. Ill. 1999) (holding a ten-month delay unreasonable); *Yu*, 36 F. Supp. 2d at 932(holding a two-and-a-half year delay unreasonable).

Further, the main goal of the FBI name check is to reduce the risk of national security. However, "delays in the name check process actually prolong an individual's presence (albeit in an interim status) in the United States while the check is pending. In that sense, the current USCIS name check policy may increase the risk to national security by prolonging the time a potential criminal or terrorist remains in the country." *See* Exhibit, USCIS Ombudsman Annual Report to Congress June 2006. Therefore, the delay may also be harmful to the national security.

### D. Plaintiffs have established that no other adequate remedy exists.

Concerned about their applications, Petitioners made a number of "Status Inquiries" through telephone with USCIS after applications were submitted in 2005 and they also contact their state Senator Barbara Boxer several times regarding the case.

### II. This Court has jurisdiction under the Administrative Procedures Act.

The Administrative Procedures Act ("APA") at 5 U.S.C. § 555(b) requires federal agencies to act in a timely manner. It provides, in pertinent part: "…With due regard for

the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it. ...". It includes judicial review to "compel agency action unlawfully withheld or unreasonable delayed." 5 U.S.C. § 706(1). *See Brock v. Piece Counnty*, 476 U.S. 253, 260 n.7, 106 S. Ct. 1834, 1839 n.7, 90 L. Ed. 2d 248 (1986) (noting that APA permits district court to compel agency action); *see also United States v. Popovich*, 820 F. 2d 134, 137 (5th Cir.), Cert. denied, 484 U.S. 976, 98 L. Ed. 2d 485, 108 S. Ct. 487 (1987)(same).

The APA in conjunction with 28 U.S.C. 1331, the Federal Question statutes provides subject matter jurisdiction for cases in which courts are asked to review agency actions. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The obvious effect of this modification [of section 1331], subject only to preclusion-of-review statutes created or retained by Congress, is to confer jurisdiction on Federal Courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate." *Califano v. Sanders,* 430 U.S. 99, 107 (1977). Many courts have found jurisdiction under the APA to compel Government agencies action where delay is unreasonable. *Sierra Club v. Glickma*, 156 F. 3d 606, 617 (5th Cir. 1998) (holding that suit to compel agency action could be brought under APA). *Zemin Hu v. Reno*, 2000 U.S. Dist. LEXIS 5030, 2000 WL 425174 (N.D. Tx 2000) (finding that the APA and 28 U.S.C. 1331 together vest court with authority to order agencies to act); *JianJun Fu v. Reno*, 2000 U.S. Dist. LEXIS 16110 (N.D. Tx. 2000) (the APA in conjunction with section 1331 does provide [subject-matter] jurisdiction).

Plaintiff' Complaint properly asserts jurisdiction under 28 U.S.C. § 1331 which in conjunction with the APA, confers subject matter jurisdiction herein and the Complaint should not be dismissed.

The case at bar does not seek judicial review of any final agency action, whether discretionary or non-discretionary. It seeks to compel Defendants to take action on Plaintiff's applications. The APA authorizes suit by "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant status" 5 U.S.C § 702. Agency action is defined in 5 U.S.C §551(13) to include "<u>failure to act</u>". Both "agency action made reviewable by statute" and "final agency action for which there is no other adequate remedy in a court" are subject to judicial review under 5 U.S.C. §704. In this instant case, Defendants fail to act upon Plaintiff' Applications within a reasonable time. Therefore, Defendants' failure to act is reviewable in a judicial forum.

### III. A Waiver of Sovereign Immunity Can Be Found In the Administrative Procedure Act

Defendants argue the Court lacks subject matter jurisdiction to consider Plaintiff' cause of action, as the Government has not waived sovereign immunity over cases involving the grant of an alien's application to adjust status to permanent residence. See Motion at 4. Plaintiff Bear the Burden to identify any waiver of sovereign immunity for their claim. However, the United States Court of Appeals for the Eighth Circuit has already addressed Defendants' claim regarding waiver of sovereign immunity in the context of subject matter jurisdiction in a similar case. *Sabhari v. Reno,* 197 F.3d 938 943 (8th Cir. 1999).

In *Sabhari*, the Eighth Circuit considered a challenge by the Government to the court's jurisdiction over the denial of an alien's application to adjust status. *Id.* at 940-44. The district court had previously dismissed the complaint for lack of jurisdiction based, *inter alia*, on exactly the same the objection lodged by Defendants in the instant case. *Id.* at 941-43. The Eighth Circuit disagreed. It found that the APA operated to waive sovereign immunity in regard to adverse agency action. *Id.* at 943. The Eighth Circuit further found the general grant of federal question jurisdiction, when combined with the waiver of sovereign immunity found under the APA, was sufficient to confer subject matter jurisdiction on the district court. *Id.*

> ... [T]here is precedent, under similar circumstances, to support the invocation of jurisdiction through the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.,* and 28 U.S.C. § 1331 (1994).
>
> Section 1331 is familiar, of course, as the general grant of civil federal question jurisdiction to the district courts for actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Nevertheless, § 1331 does not, in and of itself, create substantive rights in suits brought against the United States. Thus, if § 1331 is to be used to secure relief against the United States, it must be tied to some additional authority which
> waives the government's sovereign immunity. Such a waiver may be found in the Administrative Procedure Act.
>
> Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. In addition, the APA also provides that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704.
>
> The issue of jurisdiction in this case is a difficult one of statutory interpretation. We hold that the district court did have jurisdiction to decide the merits of the [plaintiffs'] petitions.

*Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999).

The relevant portion of the APA states:

>A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other that money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity, or under color of legal authority, shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.. . . The United States may be named as a defendant in any such action, and a judgment or decree may be enter against the United States; provided, that any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance.

((5 USC § 702), (60 Stat. 237, Sec. 10(a); 80 Stat. 378).

The general grant of federal question jurisdiction in 28 U.S.C. § 1331, combined with the waiver of sovereign immunity found in the Administrative Procedures Act, provide the district court with subject matter jurisdiction in this matter.

### IV. IF The Court Decides To Remand This Case, It Should Set A Strict Timetable Requiring Action by Both USCIS and FBI.

In past **30** months, Defendants have had more than sufficient time to complete Weiyu Xu's name check and make a decision on Plaintiff' Application. However, Defendants failed to act on Plaintiff' Applications in a timely manner, which caused the prolonged unreasonable delay on processing the Applications. Further, Defendants have no offer any sound explanation on why they have not make a decision on Plaintiff Applications for past twenty-two months. They have not indicated when they expect Weiyu Xu's name check to be completed and the Applications to be adjudicated. Remanding the matter to the USCIS and the FBI without a strict timetable and appropriate instructions would strip Plaintiff of any meaningful relief. The matter would in all likelihood continue to languish for years more. It would leave Plaintiffs exactly where they were before they filed this lawsuit, with no indication of when, if ever, FBI

and USCIS will complete Weiyu Xu's name check, and when after that, if ever, USCIS will adjudicate Plaintiff' Applications.

Therefore, if the Court decides to remand this case back to USCIS and FBI, Plaintiff respectfully request that the Court set a strict timetable requiring action by USCIS and FBI, as following:

-- USCIS should request immediately from FBI an expedited processing of Weiyu Xu's background check;

-- FBI should complete the Plaintiff's background check as soon as possible but not later than 30 days following the Order of this Court;

-- USCIS should adjudicate Plaintiff' Application as soon as possible but not later than 30 days after FBI completed the background check, and report the decision to both Plaintiff and to this Court.

## CONCLUSION

This Court has jurisdiction over the claims in the Complaint under both the Mandamus Act and the Administrative Procedures Act for the reasons set forth above and the Complaint should not be dismissed for lack of jurisdiction. The Complaint states a claim upon which relief may be granted. Plaintiff respectfully request that the Court deny Defendants' Motion to Dismiss. Should this Court determine that the Complaint is subject to dismissal for failure to state a claim; Plaintiff respectful request leave to amend the Complaint in order to respond to the Court's concerns. If the Court decides to remand this case to USCIS and FBI, Plaintiff respectfully request that the Court set a strict timetable requiring action by USCIS and FBI.

DATED: Jan 22, 2008.

                                        Respectfully submitted,

                                        Weiyu Xu,

                                        Petitioner, PRO SE

                                        705 Hydra Lane.
                                        Foster City, CA 94404